UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **ZAYMEIN K. CRAIG** | * | **CIVIL ACTION NO.   12-0726** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **RICHARD DEVILLE, ET AL.** | * | **MAG. JUDGE KAREN L. HAYES** |

### REPORT AND RECOMMENDATION

Before the undersigned magistrate judge, on reference from the district court, is a hybrid motion to dismiss for failure to state a claim upon which relief can be granted and for summary judgment [doc. # 28] filed by defendants, Nurse Debbie Westrup (incorrectly named in the complaint as "Debbie Wstup"); Captain Robert McKeithen, Warden Richard Deville and Lieutenant Adam May.  For reasons set forth in greater detail below, it is recommended that the hybrid motion be **GRANTED in PART**, and that plaintiff's claims against **all** defendants be **DISMISSED, without prejudice**, on the merits, but **DISMISSED with prejudice** for purposes of proceeding in forma pauperis pursuant to 28 U.S.C. § 1915(d).  It is further recommended that the motion otherwise be **DENIED**.

### Relevant Background Facts

Zaymein K. Craig is an inmate in the custody of Louisiana's Department of Public Safety and Corrections who, during the relevant period, was, and still is housed at the Caldwell Detention Center ("CDC"), Grayson, Louisiana.  On March 19, 2012, Craig filed the instant pro se civil rights complaint pursuant to 42 U.S.C. § 1983 against CDC Warden Richard Deville, and CDC corrections officers, Robert McKeithen and Adam May.  Craig maintains that on September 3, 2011, while Craig was wearing hand restraints, Warden Deville first choked him,

and then later slammed him face down on to the cement floor. Craig alleges that the force of the impact injured his gums and caused him to lose several teeth. He further alleges that following these incidents, CDC officers placed him in lockdown where he remained for 14 days without medical attention. During this time, Craig suffered excruciating pain and an inability to eat or sleep. Consequently, Craig seeks an award of $750,000 for "wanton physical and mental anguish, pain and suffering, future medical expenses, humiliation . . ." (Compl., [doc. # 5]).

In response to a June 21, 2012, court order [doc. # 11], Craig amended his complaint on July 23, 2012, to add defendant, nurse Debbie Westrup, (incorrectly named as "Debbie Wstup"). (Amend. Compl., [doc. # 13]). Craig contends that Westrup was responsible for the 14 day delay between the date of his injury and receipt of appropriate medical care for his injuries. *Id*. Craig also clarified that he named CDC officer Robert McKeithen as a defendant because McKeithen failed to intervene while Warden Deville was choking him. *Id*. Similarly, plaintiff explained that he sued CDC officer Adam May because May purportedly failed to prevent Warden Deville from slamming him into the concrete. *Id*.

On September 24, 2012, this court completed its initial screening pursuant to 28 U.S.C.§§ 1915 and 1915A, and ordered service on the defendants, via U.S. Marshal. (Sept. 24, 2012, Mem. Order [doc. # 14]). In so doing, the court effectively determined that plaintiff's complaint stated a viable claim for relief.

On November 14, 2012, the named defendants, plus LCS Correction Services, Inc. ("LCS") answered the complaint, as amended. (Answer [doc. # 16]). Following discovery, defendants, Westrup, Deville, McKeithen and May (but not LCS) filed the instant hybrid motion to dismiss and motion for summary judgment. On March 25, 2013, Craig filed his response to the motion. The matter is now before the court.

I.    **Failure to State a Claim Upon Which Relief Can Be Granted**

  a)    **Standard of Review**

The Federal Rules of Civil Procedure sanction dismissal where the plaintiff fails "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). A pleading states a claim for relief, *inter alia*, when it contains a "short and plain statement . . . showing that the pleader is entitled to relief . . ." Fed.R.Civ.P. 8(a)(2). Circumstances constituting fraud or mistake, however, must be alleged with particularity. Fed.R.Civ.P. 9(b).

To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007)). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. *Plausibility* does not equate to *possibility* or *probability*; it lies somewhere in between. *See Iqbal, supra*. Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *See Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965. Although the court must accept as true all factual allegations set forth in the complaint, the same presumption does not extend to legal conclusions. *Iqbal, supra*. A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id*. "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark, supra*.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

(citation omitted). A well-pleaded complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable, and that recovery is unlikely. *Twombly, supra*. Nevertheless, a court is compelled to dismiss an otherwise well-pleaded claim if it is premised upon an invalid legal theory. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989).

When considering a motion to dismiss, courts generally are limited to the complaint and its proper attachments. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citation omitted). However, courts may rely upon "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Id*.

**b)** **Discussion**

Defendants urge two principal arguments in support of their Rule 12(b)(6) motion. First, they argue that plaintiff failed to establish that defendants are state actors. Second, they argue that plaintiff's factual allegations do not suffice to support a finding that defendants intentionally harmed Craig or that they were deliberately indifferent to a substantial risk of serious harm.

"To state a claim under § 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Leffall v. Dallas Independent School District*, 28 F.3d 521, 525 (5th Cir. 1994). Moreover, in order to plead a § 1983 cause of action, a plaintiff "must establish that the defendant was either personally involved in the deprivation or that his wrongful actions were causally connected to the deprivation." *James v. Texas Collin County*, 535 F.3d 365, 373 (5th Cir. 2008). Thus, a successful § 1983 claim "must enunciate a set of facts that illustrate the defendants' participation in the wrong alleged." *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986).

With regard to defendants' state actor argument, the court notes that the Fifth Circuit has

held that "private prison-management corporations and their employees may be sued under § 1983 by a prisoner who has suffered a constitutional injury. Clearly, confinement of wrongdoers-though sometimes delegated to private entities-is a fundamentally governmental function. These corporations and their employees are therefore subject to limitations imposed by the Eighth Amendment." *Rosborough v. Mgmt. & Training Corp.*, 350 F.3d 459, 461 (5th Cir. 2003). Furthermore, another division of this court has recognized that LCS and its employees are subject to liability under § 1983. *See Lee v. Copes*, Civil Action No. 03-1548 (W.D. La. Aug. 19, 2004) (R&R [doc. # 115]; Ruling adopting same [doc. # 125]).

Here, plaintiff alleged that he was an inmate at the CDC, and that defendants were employees of the facility. *See* Compl., [doc. # 5]. These factual allegations suffice to establish that defendants are state actors for purposes of § 1983.

The court also reaffirms that plaintiff sufficiently pled deliberate indifference and/or intent. As touched upon earlier in this opinion, this court initially reviewed plaintiff's original complaint and found it wanting. *See* June 21, 2012, Mem. Order [doc. # 11]. Accordingly, the court ordered plaintiff to amend his complaint to correct his insufficient factual allegations. *Id*. After plaintiff so complied, the undersigned reviewed plaintiff's revised effort, and determined that it sufficed to warrant service. (Amend. Compl. [doc. # 13]; Sept. 24, 2012, Mem. Order [doc. # 14]). Thus, this court decided, in effect, that plaintiff's complaint stated a claim upon which relief can be granted. In other words, the complaint, as amended, contains sufficient factual allegations for the court "to draw the reasonable inference that [defendants are] liable for the misconduct alleged." *Iqbal*. Indeed, "[s]pecific facts are not necessary; the [Rule 8] statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon

5

which it rests.' " *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (quoting *Bell Atl.*, 127 S. Ct. at 1958). Plaintiff's pleadings provide defendants with fair notice of his claims.

## II.     Summary Judgment

### a)     Standard of Review

Summary judgment is appropriate when the evidence before the Court shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(a). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2511 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id*.

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting *Anderson*, 477 U.S. at 247). "The moving party may meet its burden to demonstrate the absence of a genuine issue of material fact by pointing out that the record contains no support for the non-moving party's claim." *Stahl v. Novartis Pharmaceuticals Corp.*, 283 F.3d 254, 263 (5th Cir. 2002). Thereafter, if the non-movant is unable to identify anything in the record to support its claim, summary judgment is appropriate. *Id*.

In evaluating the evidence tendered by the parties, the court must accept the evidence of

the non-movant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255. "The court *need* consider only the cited materials, but it *may* consider other materials in the record." Fed.R.Civ.P. 56(c)(3) (emphasis added). While courts will "resolve factual controversies in favor of the nonmoving party," an actual controversy exists only "when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). There can be no genuine issue as to a material fact when a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322-23. This is true "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id*. at 323.

When a movant bears the burden of proof on an issue, it must establish "beyond peradventure[1] all of the essential elements of the claim . . . to warrant judgment in [its] favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). In other words, the movant must affirmatively establish its right to prevail as a matter of law. *Universal Sav. Ass'n v. McConnell*, 1993 WL 560271 (5th Cir. Dec. 29, 1993) (unpubl.).

    **b)**    **Analysis**

Defendants seek summary judgment because they contend that the evidence establishes that 1) defendants are not state actors; 2) plaintiff failed to exhaust available administrative remedies before filing suit;[2] and 3) defendants did not act with deliberate indifference. (Def. Memo., pg. 7).

---

    [1] I.e., beyond doubt.

    [2] Defendants preserved the exhaustion defense in their answer. (Answer [doc. # 16]).

As an initial matter, the court finds that defendants' state actor argument lacks merit for the same reasons that the undersigned determined that the argument was baseless in the 12(b)(6) context. *See* discussion, *supra*. Indeed, defendants do not contest that they are employees at a prison where plaintiff was housed, and purportedly injured.

As for the two remaining arguments, the court is compelled to address the exhaustion issue first. *Dillon v. Rogers*, 596 F.3d 260, 270-273 (5th Cir. 2010) (typically, courts should resolve exhaustion issues before reaching the merits of the case). The exhaustion defense may be analyzed in the context of a motion for summary judgment where the non-moving party enjoys the protections of Federal Rule of Civil Procedure 56. *Id.*

### I) Exhaustion Principles

Pursuant to 42 U.S.C. § 1997e, as amended by the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title or any other Federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory, and is required even where the relief sought cannot be granted by the administrative process. *Woodford v. Ngo*, 548 U.S. 81, 85, 126 S.Ct. 2378, 2382-83 (2006) (citations omitted). All "available" remedies must be exhausted, whether speedy and effective, or not. *Porter v. Nussle*, 534 U.S. 516, 524, 122 S.Ct. 983, 988 (2002). "Proper exhaustion requires that the prisoner not only pursue all available avenues of relief but also comply with all administrative deadlines and procedural rules." *Johnson v. Kukua*, 342 Fed. Appx. 933, 934 (5th Cir. Aug. 20, 2009) (unpubl.) (citing *Woodford, supra*). An untimely or otherwise procedurally defective administrative grievance does not satisfy the exhaustion requirement. *Id.*

"[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter, supra* (citation omitted). An inmate is required to "exhaust his remedies, irrespective of the form of relief sought, injunctive or monetary." *Richbourg v. Horton*, 2008 WL 5068680 (5th Cir. Dec. 2, 2008) (unpubl.) (citation omitted). A claim for deliberate indifference to an inmate's serious medical needs is also subject to exhaustion. *Harris v. Hegmann*, 198 F.3d 153, 158 (5th Cir. 1999). Exhaustion also applies to claims brought against defendants in their official and/or individual capacities. *See e.g., Williams v. Henagan*, 595 F.3d 610, 618 (5th Cir. 2010); *Hines v. Texas*, 76 Fed. Appx. 564 (5th Cir. Sept. 29, 2003) (unpubl.).

The Fifth Circuit has consistently held that an inmate's ignorance of a prison's grievance procedures does not excuse his noncompliance. *Aguirre v. Dyer*, 233 Fed. Appx. 365 (5th Cir. May 24, 2007) (unpubl.) (citation omitted); *Simkins v. Bridges*, 350 Fed. Appx. 952, 953-954, (5th Cir. Oct. 28, 2009) (unpubl.) (citation omitted); *Plaisance v. Cain*, 374 Fed. Appx. 560, 561, ( April 15, 2010) (unpubl.) (citation omitted). Nonetheless, inmates should have "avenues for discovering the procedural rules governing their grievances." *Dillon, supra* (citations omitted). When an inmate has no means of verifying the administrative grievance process, then misleading information by prison officials may make remedies unavailable. *Id*. "If impediments to filing grievances render remedies unavailable at one facility, remedies may become available again once a prisoner has been transferred, unless there are other problems at the new facility." *Dillon*, 596 F.3d at 267-268 (citing *Bryant v. Rich*, 530 F.3d 1368, 1379 (11th Cir.2008)). Stated another way, the grievance filing period is tolled only so long as the inmate is actually impeded

9

from invoking and exhausting the process.

Exhaustion is an affirmative defense; thus, the burden is on defendant to establish that plaintiff failed to exhaust available administrative remedies. *Dillon*, 596 F.3d at 266. If the court considers evidence beyond the pleadings to resolve the exhaustion issue, then the nonmoving party is entitled to the protections of Rule 56. *Id*.

### ii) The CDC Had an Available Administrative Remedy Procedure

The uncontroverted evidence establishes that the CDC had a three step Administrative Remedy Procedure ("ARP") in effect during the relevant period. (Affidavit of Richard Deville; Def. Exh. A; Detainee Handbook, Def. Exh. C; LCS Guideline Manual; Def. Exh. D). The ARP is set forth in LCS's Detainee Handbook, which Craig received on March 10, 2010, when he arrived at the CDC. (Affidavit of Richard Deville; Def. Exh. A; Affidavit of Robert McKeithen, Def. Exh. B).[3] Plaintiff did not deny that he received a detainee handbook. *See* Pl. Declaration; Opp. Memo., Exh. [doc. # 30]. In fact, he admitted that he filed a grievance or "ARP" with "LC-Caldwell Detention Center." *Id*.

Under the CDC's ARP, a detainee is required to fill out a grievance form or complete any written communication that contains the phrase, "[t]his is a grievance under the Administrative Remedy Procedure." (LCS Detainee Handbook, pgs. 26-27, Def. Exh. C). The written grievance must be completed and placed in the Grievance Box in the facility's dining hall within 30 days of the alleged incident. *Id*. "The form will be screened in the Warden's office and, if accepted be sent to the staff member who can best deal with the matter." *Id*. The detainee will receive a step

---

[3] McKeithen was the Chief of Security at the CDC during the relevant period. (Affidavit of Robert McKeithen, Def. Exh. B).

one response within 15 days from the date that the grievance is referred to the respondent. *Id*.

If a detainee remains dissatisfied with the step one response, he may request review by signing the response and depositing it for collection within five days after receipt of the step one response. *Id*. The Chief of Security shall ensure that the detainee receives a written response to the request for review within 25 days after receipt of the request for step two review. *Id*.

If a detainee is not content with the outcome of the second step review, he may appeal to the Warden. *Id*. A final decision will be made by the Warden and forwarded to the detainee within 40 days after receipt of the third step appeal. *Id*. The Warden's decision is final. *Id*.

The Handbook cautions that "IF A DETAINEE DOES NOT TIMELY FOLLOW EACH STEP OF THE PROCEDURE, HE MAY BE BARRED FROM LATER BRINGING HIS GRIEVANCE FORWARD." *Id*. (emphasis in original).

### iii) Craig Did Not Complete all Three Steps of the Grievance Process

In support of their motion for summary judgment, defendants adduced evidence that "at no time relevant to these proceedings did Zaymein Craig assert a Detainee Grievance under the LCS Administrative Remedy Procedure." (Warden Deville Affidavit; Def. Exh. A). In response to defendants' motion, Craig declared that he did file a grievance or "ARP" with the CDC. (Craig Decl.). He added that he also filed a complaint with the "sensitive issues supervisor of the internal affairs section but never received a response." *Id*.[4]

In other words, Craig adduced evidence that he submitted a step one grievance, but did not receive a response from prison officials. Craig did not explain what his grievance entailed, or

---

[4] In his unverified complaint, Craig alleged that although he filed an administrative grievance, he never received a response. (Compl, pg. 2 [doc. # 5]). He further indicated that he filed a "Step 3 administrative grievance sensitiv [sic] issues never [sic] received a response." *Id*.

whether it encompassed all of his claims that he now asserts herein. Furthermore, after the applicable delays ran with no response from the prison, Craig did not adduce any evidence that he endeavored to exhaust the second and third steps of the CDC's written grievance policy. Instead, Craig filed a "complaint" with the internal affairs section. However, there is no evidence that this effort by Craig constituted part of the CDC's written grievance policy.[5]

Thus, in response to defendants' properly supported motion for summary judgment, plaintiff has failed to come forward with competent summary judgment evidence to demonstrate that he exhausted steps two and three of the written grievance procedure. Under these circumstances, the court is compelled to find that there is no genuine dispute as to any material fact and that defendants are entitled to judgment as a matter of law dismissing plaintiff's claims for failure to exhaust administrative remedies. Fed.R.Civ.P. 56(a); *Teixeira v. Gregg Cnty. Jail*, 74 F. App'x 388, 389 (5th Cir. 2003) (unpubl.).[6]

### iv) Remedy for Failure to Exhaust

The plain language of the PLRA precludes any further action on plaintiff's claims until he has fully exhausted the administrative remedy procedure. *See Wendell v. Asher*, 162 F.3d 887,

---

[5] It is conceivable that plaintiff did not proceed with the second and third steps of the grievance process because he believed that it would be pointless to do so. The court observes, however, that futility is not a valid exception to the exhaustion requirement. *Hicks v. Lingle*, 370 Fed. Appx. 497 (5th Cir. March 17, 2010) (unpubl.) (citing *Booth v. Churner*, 532 U.S. 731, 739-41 & n. 6, 121 S.Ct. 1819, 149 (2001).

[6] Review of the district court's decision in *Teixeira v. Gregg Cnty, Jail*, reveals that, as here, Teixeira alleged that he exhausted no more than the initial step of defendants' multi-step grievance process. *Teixeira v. Gregg Cnty, Jail*, Civ. A. No. 02-0403 (E.D. Tex. Dec. 18, 2002) (R&R [doc. # 19]). Furthermore, as in this case, the prison in *Teixeira*, had no record of a grievance from plaintiff regarding the claims at issue. *Id*.

890-91 (5th Cir.1998) (overruled by implication on other grounds by *Jones v. Bock*, 549 U.S. 199, 214, 127 S. Ct. 910, 920 (2007) (§ 1997e(a) "plainly requires that administrative remedies be exhausted before the filing of a § 1983 suit, rather than while the action is pending . . . [t]o hold otherwise would encourage premature filing by potential litigants, thus undermining Congress' purpose in passing the PLRA, which was to provide the federal courts some relief from frivolous prisoner litigation."). Although dismissal for failure to exhaust administrative remedies is typically without prejudice,[7] the court is authorized to dismiss plaintiff's complaint with prejudice to his right to re-file it, in forma pauperis ("IFP"):

> [b]y choosing to file and pursue his suit prior to exhausting administrative remedies as required, [plaintiff] sought relief to which he was not entitled-that is, federal court intervention in prison affairs prior to the prison having had the opportunity to address the complaint within its grievance procedures. We therefore affirm the district court's order dismissing [plaintiff]'s action with prejudice for purposes of proceeding IFP.

*Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998) (overruled by implication on other grounds by *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 920-21 (2007)).

The foregoing approach is appropriate here. Accordingly, if plaintiff exhausts his administrative remedies with respect to the claims raised herein, he may present these § 1983 claims again, but may not proceed *in forma pauperis* to do so.[8]

Having determined that plaintiff's suit is subject to dismissal for failure to exhaust

---

[7] *See e.g., Plaisance v. Cain, supra*; *Cooper v. Quarterman*, 342 Fed. Appx. 12, 13 (5th Cir. July 14, 2009) (unpubl.).

[8] Of course, administrative exhaustion requires "proper" exhaustion, i.e., compliance with an agency's deadlines and other critical procedural rules. *Woodford, supra*. At this point, plaintiff's delay effectively may foreclose his ability to properly exhaust available administrative remedies. *See* Exh. C: "IF A DETAINEE DOES NOT TIMELY FOLLOW EACH STEP OF THE PROCEDURE, HE MAY BE BARRED FROM LATER BRINGING HIS GRIEVANCE FORWARD."

administrative remedies, the court need not reach defendants' remaining grounds for summary judgment.

### v) LCS

The court notes that LCS did not join in this hybrid motion. On the other hand, plaintiff did not name LCS as a separate defendant. LCS effectively intervened in this matter by joining in the answer. Nonetheless, to the extent that LCS may be considered a defendant in these proceedings, it also is entitled to summary judgment on the same basis as the movant-defendants.[9]

For the above-assigned reasons,

**IT IS RECOMMENDED** that the motion to dismiss for failure to state a claim upon which relief can be granted [doc. # 28] filed by defendants, Nurse Debbie Westrup (incorrectly named in the complaint as "Debbie Wstup"); Captain Robert McKeithen, Warden Richard Deville and Lieutenant Adam May be **DENIED**.

**IT IS FURTHER RECOMMENDED** that the motion for summary judgment [doc. # 28] filed by defendants, Nurse Debbie Westrup (incorrectly named in the complaint as "Debbie Wstup"); Captain Robert McKeithen, Warden Richard Deville and Lieutenant Adam May be **GRANTED IN PART**, and that plaintiff's claims against **all** defendants be **DISMISSED, without prejudice**, on the merits, but **DISMISSED with prejudice** for purposes of proceeding

---

[9] The court may grant summary judgment *sua sponte* so long as the adverse party receives adequate notice and a reasonable time to respond. Fed.R.Civ.P. 56(f)(1); *Stingley v. Den Mar Inc.*, 2009 WL 2762374, *3 (5th Cir. Sept. 1, 2009) (unpubl.) (citing *inter alia*, *Love v. Nat'l Med. Enters.*, 230 F.3d 765, 770-71 (5th Cir.2000)). The instant report and recommendation provides adequate notice to the parties. *McCoy v. Wade*, 2007 WL 1098738, *1 (W.D. La. Mar. 12, 2007) (citing *Magouirk v. Phillips*, 144 F.3d 348, 359 (5th Cir.1998)).

in forma pauperis pursuant to 28 U.S.C. § 1915(d).

**IT IS FURTHER RECOMMENDED** that the motion for summary judgment [doc. # 28] otherwise be **DENIED**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and F.R.C.P. Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, at Monroe, Louisiana, this 30th day of April 2013.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE